838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES and Roy W.
Purdie, Petitioners,
v.
DEFENSE GENERAL SUPPLY CENTER, Respondent.
 No. 87-3458.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1988.
 
 Before MARKEY, Chief Judge, RICH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petition to overturn an arbitrator's award sustaining the removal of Roy W. Purdie (Purdie) by the Defense General Supply Center (agency). We remand for a more complete statement.
 
 OPINION
 
 2
 Purdie says the arbitrator did not sustain the charge of AWOL. The agency says he did. As a corollary, Purdie says the arbitrator sustained only two of the five charges listed conjunctively as the basis for his removal, and the agency says three were sustained. Careful reading of the arbitrator's opinion supplies no basis for resolving that dispute.
 
 
 3
 Purdie asserted that a charge of AWOL for 15 minutes is not sustainable when he was present for duty and was ordered--and thus authorized--not to work for 12 of those minutes, citing Regulation 1424.1, Enclosure 1, Paragraph J. Purdie also asserted that the AWOL charge violated the provision of Paragraph B.2 of that Regulation for charging AWOL in 15 minute multiples "for the actual time absent." The arbitrator's dismissal of Purdie's assertions with "this is not the issue" deprives this court of the arbitrator's considered views on whether the specific AWOL charge was the result of a misinterpretation or misapplication of the regulations defining AWOL and providing for its charging in 15 minute multiples for the actual time absent. We decline to decide that question in the absence of a clear indication that the arbitrator did or did not sustain the AWOL charge.[1]
 
 
 4
 Similarly, we are without indication of whether the arbitrator, if he did not uphold the AWOL charge, sustained the removal on the basis of an obscene gesture and leaving the work area, the two charges correctly upheld by the arbitrator. Nor can we determine whether the arbitrator's reference to Purdie's prior counseling and reprimands for "offenses similar" included earlier AWOL offenses.
 
 
 5
 Purdie's brief says he denied all charges. The arbitrator should determine whether Purdie threatened a workleader.
 
 
 6
 The arbitrator correctly rejected the charge of lying.
 
 
 7
 The case is remanded for a more complete statement, including an indication of whether the AWOL and threat charges are sustained and the reasons therefor.
 
 
 
 [1]
 The arbitrator's evaluation of the practice of charging 15 minutes AWOL for 3 minutes of tardiness and 12 minutes of ordered idleness as meritorious because it eased recordkeeping and encouraged promptness does not respond to Purdie's assertion that he was charged with AWOL in violation of the regulations. Nor does the arbitrator's statement that objection to known policy does not justify "insolvent conduct" (obscene gesture?) or "unwillingness to follow superiors' instructions" (leaving work area?)